IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEREMIAH PHILLIPS, #1512530, § | |
|     Petitioner, § | |
| § | |
| v. § | 3:11-CV-3107-P-BK |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 2008, Petitioner was convicted of aggravated sexual assault and sentenced to a sixty-year term of imprisonment. *State v. Phillips*, No. F07-48164 (292nd Judicial District Court, Dallas County, Apr. 25, 2008), *aff'd*, *Phillips v. State*, No. 05-08-00801-CR (Tex. App. – Dallas Feb. Apr. 2, 2009, pet. ref.) (unpublished). On September 16, 2009, the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review. *Ex parte Phillips*, PD-0634-09. Subsequently, on October 21, 2010, Petitioner filed a state habeas application, which the TCCA denied on April 6, 2011. *Ex parte Phillips*, No. WR-75,594-01, SHCR at 2 and at "Action

Taken" sheet.[1]

On November 10, 2011, Petitioner filed this federal petition. In seven grounds, he challenges the sufficiency of the evidence to establish venue, ineffective assistance of trial counsel, and prosecutorial misconduct. (Doc. 3 at 6-7, 11.) Respondent filed a preliminary response, arguing the petition is time barred (Doc. 13.) Petitioner filed a reply. (Doc. 17.)[2]

## II. ANALYSIS

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (explaining the rules for calculating the one-year period under section 2244(d)(1)(A)). Sections 2244(d)(1)(B)-(D) are inapplicable under the circumstances like those presented here.[3]

---

[1] SHCR refers to the State Habeas Clerk's Records in Nos. 75,594-01. The Court will follow the same citation format used by Respondent: "SHCR at [page]."

[2] For purposes of this recommendation, the federal petition is deemed filed on November 7, 2011, the earliest possible date on which Petitioner could have handed it to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

[3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

Even considering the relevant facts in the light most favorable to Petitioner, his petition is untimely. Since Petitioner filed a petition for discretionary review (PDR), his conviction became final under section 2244(d)(1)(A) on January 8, 2010, 90 days after he states the TCCA refused his PDR.[4] *See* Sᴜᴘ. Cᴛ. R. 13.1, 13.3; *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). Therefore, as of the filing of his state habeas application on October 10, 2010, 275 days of the one-year limitations period had elapsed.[5] The state application remained pending until its denial on April 6, 2011, statutorily tolling the one-year period. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application). The limitations period resumed running the next day, April 7, 2011, and expired 90 days later on July 6, 2011. Therefore, the federal petition, deemed filed as of November 7, 2011 (the date signed by Petitioner and presumably delivered to prison officials for mailing), is clearly outside the one-year statute of limitations.

## B. Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

---

[4] Contrary to Petitioner's initial assertion (Doc. 8 at 2), the TCCA did not refuse his PDR on October 10, 2009, but on September 16, 2009, as reflected in the TCCA and the court of appeals' website.

[5] Petitioner's erroneously relies on the "mailbox" rule to contend that his state habeas application should be deemed filed on October 10, 2010, the date he allegedly mailed it, instead of October 21, 2010, when the clerk received and filed the same. Because using either date leads to the same conclusion, that issue is not addressed here.

and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland,* 507 F.3d at 845-46 (summarizing cases). Having squandered the *entire* one year period, Petitioner clearly failed to act with due diligence. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction became final, Petitioner waited approximately nine months before filing his state habeas application. His lack of diligence did not end there. Following the denial of the state habeas application, Petitioner delayed at least four more months before mailing his federal petition.

In his initial response, Petitioner asserted the TCCA denied his state application in September 2011, and he "received the white card" denial from the TCCA on October 5, 2011. (Doc. 3 at 4; Doc. 8 at 2.) In addition to being unsupported, Petitioner's allegations are refuted by the state court record and the prison mail log. The state court record reflects the TCCA denied Petitioner's state habeas application on April 6, 2011, not five months later in September 2011. *See* SHCR at "Action Taken" sheet. In accordance with TCCA's policy, the clerk then mailed Petitioner a postcard, called a "white card," advising him that his application had been denied. *See Williams v. Thaler*, 400 Fed. Appx. 886, 887 (5th Cir. 2010) (summarizing TCCA policy regarding mailing of "white card" to state habeas petitioner). As reflected in the mail log, on April 8, 2011, within only two days of its mailing, the Beto Unit received correspondence

from the TCCA, addressed to Petitioner, which it delivered to Petitioner on April 11, 2011. (Doc. 13, Exh. B at 40.) Petitioner has offered no evidence to the contrary in either his initial response or reply. (Doc. 8, 1.7)

Thus, apart from his generalized allegations, Petitioner does not explain the reason for the lengthy delays in his case. (Doc. 8, 17.) Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

**C.  Actual Innocence**

In his reply, Petitioner asserts for the first time that he is "actually innocent" of the underlying aggravated sexual assault conviction. (Doc. 17 at 3-4.) He contends "the alleged victim was [his] girlfriend whom [sic] they had had consential [sic] sex the day before . . . the date of the alleged offense." *Id.* He also argues that if "trial counsel [had] investigated the facts

of this case he would have been able to present evidence beyond a reasonable doubt that no sexual assault happen[ed], and this was simply a case of family violence." *Id.* at 6.

Actual innocence, however, is insufficient to warrant either statutory or equitable tolling of the AEDPA statute of limitations. "The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). "There is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations." *Prince v. Thaler*, 354 Fed. Appx. 846, 847 (5th Cir. Nov.13, 2009) (unpublished *per curiam*). Further, an "actual innocence claim . . . does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000).

In *Cousin*, the United States Court of Appeals for the Fifth Circuit stated that "a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period."  310 F.3d at 849.  Here, however, Petitioner is not entitled to equitable tolling, as noted above.

In addition, he has not made a showing of actual innocence. *See Felder*, 204 F.3d at 171 n. 8 (noting that petitioner had not made a showing that he was actually innocent of his guilty plea as found by the district court). To establish actual innocence, "the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 664 (5th Cir. 1999) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001).

Petitioner cannot make this showing. Even liberally construing his pleadings, he has produced no new, reliable evidence sufficient to refute the validity of his conviction. Accordingly, the Court rejects Petitioner's actual innocence claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

SIGNED July 11, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE